IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XIA ZHAO and DAVID EHRMANN, | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. 11-7514 |
| SKINNER ENGINE COMPANY *et al.*, | : |
| Defendants. | : |

**MEMORANDUM**

YOHN, J.                                                                                                    May 16, 2012

      Xia Zhao and David Ehrmann, husband and wife, have filed a motion to remand this products-liability action to the Court of Common Pleas of Philadelphia County, where they originally filed the action. Plaintiffs, residents of Pennsylvania, commenced this action in state court on March 9, 2011, against eight defendants. On April 12, 2011, two of the defendants that had been served with the complaint filed a notice of removal to this court, asserting that the court has original jurisdiction over the action on the basis of diversity of citizenship under 28 U.S.C. § 1332.[1] Plaintiffs filed a motion to remand the action to state court, arguing that the removal procedure was defective because the other defendants that had been served neither joined in the notice of removal nor provided timely written consent to removal. I agreed with plaintiffs and granted their motion to remand in a memorandum and order dated September 1, 2011.

      On November 7, 2011, after the case was remanded to state court, defendant Francis

---

[1] The case was docketed as civil action no. 11-2536.

Shaw plc ("Francis Shaw") received a copy of the complaint.[2] With the written consent of the other defendants, Francis Shaw filed a notice of removal to this court on December 7, 2011, alleging diversity jurisdiction. The notice stated, in relevant part:

> 2.   Upon information and belief, Plaintiffs are husband and wife, and residents of Pennsylvania.
>
> 3.   Upon information and belief, none of the named Defendants in this action is a citizen of Pennsylvania . . . .
>
> * * *
>
> 6.   Therefore, this action is between citizens of different states as defined by 28 U.S.C. § 1332(a)(1).

(Notice of Removal ¶¶ 2–6.)

Plaintiffs again filed a motion to remand the action to state court, this time arguing that Francis Shaw's removal notice failed to allege facts establishing the parties' diverse citizenship both at the time the complaint was filed and at the time of removal. Importantly, plaintiffs do not challenge the existence of diversity jurisdiction at either point in time. Rather, they argue only that the removal notice is defective in its *pleading* of diversity jurisdiction.

Francis Shaw contends that the jurisdictional allegations in its removal notice are sufficient to support removal here. Francis Shaw further argues that even if the allegations in its removal notice, taken alone, are not sufficient, such allegations, together with other items in the record, including plaintiffs' complaint, are sufficient to support removal. Finally, Francis Shaw argues, to the extent that any pleading defect exists even after other items in the record are considered, it should be permitted to file an amended notice of removal.

As a general rule, and subject to certain exceptions not relevant here, when diversity

---

[2] Francis Shaw plc asserts that it was incorrectly sued as Francis Shaw & Co., Ltd., and Francis Shaw Cable Machinery. I refer to the entities collectively as "Francis Shaw."

jurisdiction is the basis for removal, diversity of citizenship must exist both when the complaint is filed and when the case is removed. *See Ellerbee v. Union Zinc, Inc.*, 881 F. Supp. 162, 164 (E.D. Pa. 1995); *see also Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011); *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776–77 (7th Cir. 1986).

Here, Francis Shaw's use of the present tense in its notice of removal—Francis Shaw alleges, for example, that "none of the named Defendants in this action is a citizen of Pennsylvania" (Notice of Removal ¶ 3)—suggests that the allegations as to citizenship apply as of the time the notice was filed. But there is arguably at least some question as to whether they apply as of the time plaintiffs originally filed their complaint. And contrary to Francis Shaw's contention, plaintiffs' complaint does not allege sufficient facts to support the conclusion that none of the defendants was a citizen of Pennsylvania at the time the complaint was filed—with respect to each defendant, the complaint refers only to "a" principal place of business, not "its" principal place of business, leaving open the possibility that a defendant had its principal place of business in Pennsylvania.[3] *See J & R Ice Cream Corp. v. Cal. Smoothie Licensing Corp.*, 31 F.3d 1259, 1265 n.3 (3d Cir. 1994).

Nonetheless, to the extent that the jurisdictional allegations in Francis Shaw's removal notice are deficient, they are only technically so. And in such a case, "amendment, rather than remand, is appropriate." *Ellerbee*, 881 F. Supp. at 165. Under 28 U.S.C. § 1653, "[d]efective

---

[3] For purposes of determining whether diversity of citizenship exists, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has *its* principal place of business." 28 U.S.C. § 1332(c)(1) (2011) (emphasis added).

allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Section 1653 permits jurisdictional amendments where "jurisdiction 'in fact existed at the time the suit was brought or removed, though defectively alleged.'" *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989) (quoting 28 U.S.C. § 399 (1946), the predecessor to § 1653, and explaining that "§ 1653 would apply if [defendant] were, in fact, domiciled in a State other than [plaintiff's state of citizenship] . . . but the complaint did not so allege"); *see also USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 203–06 (3d Cir. 2003) (holding that district court did not abuse its discretion in allowing amendment of removal notice to clarify jurisdictional allegations). Thus, where, as here, removal is based on allegations of diversity jurisdiction and diversity jurisdiction appears to exist in light of other documents in the record, courts in this district have allowed defendants to amend a notice of removal to correct technical deficiencies in the notice's allegations regarding citizenship of a party. *See, e.g.*, *Monica v. Accurate Lift Truck*, No. 10-730, 2010 U.S. Dist. LEXIS 40480 (E.D. Pa. Apr. 20, 2010) (allowing defendant to remedy inadequate jurisdictional allegations in removal notice where defendant had alleged only that it maintains "a" principal place of business in New Jersey but subsequently submitted affidavits establishing that "its" principal place of business was in New Jersey); *Ellerbee*, 881 F. Supp. at 165–66 (characterizing defendants' alleged failure to assert facts establishing diverse citizenship at the time of removal as a "technical" deficiency where there was no dispute that diversity jurisdiction existed at the time the complaint was filed and at the time of removal, and granting leave to amend notice of removal); *Camacho v. Cove Trader, Inc.*, 612 F. Supp. 1190, 1192 (E.D. Pa. 1985) (allowing defendants to amend removal petition to "allege more specifically the plaintiff's citizenship" where the petition "clearly state[d] that defendants were seeking removal

on the basis of diversity of citizenship").[4]

In addition, as Francis Shaw asserts, a court may consider jurisdictional facts contained in other items in the record, including affidavits filed after removal, as amendments to the removal notice where those facts correct technical deficiencies in the original notice. *See USX*, 345 F.3d at 205 n.12 ("[A]lthough we are mindful that courts construe removal statutes strictly with all doubts resolved in favor of remand, we are satisfied that sections 1446(a) and 1653, together with the Supreme Court's opinion in [*Willingham v. Morgan*, 395 U.S. 402 (1969)], permit a court to consider jurisdictional facts contained in later-filed affidavits as amendments to the removal petition where, as here, those facts merely clarify (or correct technical deficiencies in) the allegations already contained in the original notice." (citation omitted)). Here, Francis Shaw points to jurisdictional facts contained in defendants HF Rubber Machinery and Farrel Corporation's and defendant Shar System Inc.'s answers to plaintiffs' complaint, as well as the declaration of Fiona Margaret Gillespie, the secretary of Francis Shaw, and the affirmation of Jeffrey T. Knoll, counsel to defendant Polymer Machinery Company. But to the extent that Francis Shaw's removal notice is deficient, these documents suffer the same deficiency—for example, while the statements in the Gillespie declaration establish that Francis Shaw does not have a principal place of business in Pennsylvania (*see* Mem. of Law in Opp'n to Pls.' Mot. to

---

[4] To the extent that the cases cited by plaintiff have taken a more restrictive view of section 1653 and have not permitted amendment of a removal notice to cure technical deficiencies, *see, e.g.*, *Chapman v. Ozark Forest Prods., Inc.*, 246 F. Supp. 816 (W.D. Mo. 1965), the Third Circuit has "decline[d] to adopt their reasoning." *USX*, 345 F.3d at 205 n.12.

Plaintiffs' reliance on *Dillon v. Nat'l R.R. Corp.*, No. 87-1191, 1987 U.S. Dist. LEXIS 4934 (E.D. Pa. June 10, 1987), is also misplaced. In that case, the court remanded not merely because the defendant had failed to sufficiently *allege* that diversity existed at the time the complaint was filed in state court, but because, as the defendant conceded, diversity *did not exist* when the complaint was filed. *See Dillon*, 1987 U.S. Dist. LEXIS 4934, at *2–3.

Remand ("Francis Shaw Br.") Ex. B, Decl. of Fiona Margaret Gillespie, ¶ 9), it is not entirely clear that those averments apply to the time the complaint was originally filed (although that would not be an unreasonable inference).[5]

In any event, recognizing that the record may be technically deficient, Francis Shaw has attached to its brief a proposed amended notice of removal containing more specific allegations as to the parties' citizenship both at the time plaintiffs filed their complaint and at the time Francis Shaw filed its notice of removal, and I will grant Francis Shaw leave to file an amended notice of removal to cure the technical defects in the original notice's jurisdictional allegations.

An appropriate order accompanies this memorandum.

---

[5] By contrast, the Knoll affirmation clearly asserts that Polymer Machinery Company was incorporated in Ohio and had its principal place in Ohio both at the time the complaint was filed and at the time Francis Shaw filed its notice of removal. (*See* Francis Shaw Br. Ex. C, Affirmation of Jeffrey T. Knoll, Esquire, ¶¶ 2–5.)